UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNALDO REYES, | No. 1:23-cv-00150-KES-FRS (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION |
| v. | |
| ESTEVES, et al., | (Doc. 19) |
| Defendants. | |

Plaintiff Arnaldo Reyes is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 3, 2025, this matter was reassigned from Magistrate Judge Gary S. Austin to Magistrate Judge Stanley A. Boone for all further proceedings. Doc. 16. On October 23, 2025, the Court's reassignment order was returned as "Undeliverable, Inactive." On January 6, 2026, this matter was temporarily assigned to Fresno Magistrate Judge (FRS) and temporarily referred to Recalled Magistrate Judge Barbara A. McAuliffe.[1] Doc. 17.

On January 13, 2026, Magistrate Judge McAuliffe issued findings and recommendations recommending dismissal of this action, without prejudice, based on plaintiff's failure to prosecute. Doc. 19. Those findings and recommendations were served on plaintiff and contained

[1] The notice of temporary assignment was returned as "Undeliverable, Inactive, RTS" on January 20, 2026.

1

notice that any objections thereto were to be filed within fourteen days after service. *Id.* No objections have been filed, and the deadline to do so has passed.[2] Plaintiff has not updated his address or otherwise communicated with the Court regarding this action.

In accordance with 28 U.S.C. § 636 (b)(1), this Court has conducted a de novo review of the case. The magistrate judge correctly concluded that under the relevant factors—that is, the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions—dismissal of this case without prejudice is warranted. *Id.* at 2–3 (applying *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (failure to prosecute based on noncompliance with local rule).

The Court finds that the relevant factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket nor can the litigation be expeditiously resolved if plaintiff does not update his address with the Court. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). As to the third factor, the risk of prejudice to the defendants also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are

---

[2] On January 28, 2026, the findings and recommendations were also returned as "Undeliverable, Inactive."

no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Because plaintiff has not kept the Court apprised of his current address, this matter cannot be prosecuted, nor can it be disposed of on its merits.

Accordingly:

1. The findings and recommendations issued on January 13, 2026, Doc. 19, are adopted;

2. This action is dismissed, without prejudice, due to plaintiff's failure to prosecute; and

3. The Clerk of the Court is directed to (1) assign a magistrate judge for the purposes of closing this case and (2) close this case.

IT IS SO ORDERED.

Dated:    February 5, 2026

_____
UNITED STATES DISTRICT JUDGE

3